```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

DONALD FOSTER,                    )
                                  )
            Plaintiff,            )
                                  )
     v.                           )    No.  11 C 8589
                                  )
MICHAEL J. ATRUE [sic--should     )
be ASTRUE],                       )
                                  )
            Defendant.            )
```

## MEMORANDUM ORDER

Donald Foster, Jr. ("Foster") has filed a pro se Complaint challenging the denial by the Commissioner of Social Security ("Commissioner") of Foster's application for social security disability and supplemental security income disability benefits. Foster has accompanied his self-prepared Complaint with two requests contained in forms supplied by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This threshold memorandum order takes no position, of course, on the substance of Foster's disability claim--it is limited instead to some procedural matters.

First, although Complaint ¶2 refers to an attached Ex. A (an asserted 60-day extension of time for his appeal from the Commissioner's final administrative decision), no such exhibit was attached to the Judge's Copy of the Complaint delivered to this Court's chambers. This Court's minute clerk inquired on that score and learned that Foster's initial Complaint had

somehow been misplaced in the Clerk's Office, so that it was not possible to determine whether that original included Ex. A (instead the only counterpart of the Complaint that was located, was the one stamped "Judge's Copy," so that was used to reconstruct the court file). Accordingly Foster is ordered promptly to deliver a copy of Ex. A to the Clerk's Office, together with an accompanying transmittal notification that refers to this Case No. 11 C 8589.

As for the Application, although Foster represents that he has been unemployed since 2007, Application ¶3 reflects that his spouse is employed at a monthly salary of $3,200. Under those circumstances as to the total marital community, the Application is denied. So that Foster's Complaint is not rendered untimely by any delay if Foster manages to assemble the funds for payment of the filing fee, however, it is hereby ordered that if such payment were to be made on or before January 9, 2012 the Complaint would retain its original December 2, 2011 filing date.

As for the Motion, it reflects that Foster has communicated with only one law firm in an effort to obtain a lawyer, and Motion ¶2 goes on to state:

> I have not been able to find any attorney that does appeals.

But based on assignments of social security cases to this Court's calendar over the years (including situations in which the plaintiffs themselves have qualified for in forma pauperis

status, so that they have obviously been unable to provide assurances of compensation to the lawyers), Foster is advised that some counsel are likely to be available for that purpose.

For the present, then, the Motion is also denied. It is suggested that Foster check with the Chicago Bar Association to see whether it may be able to supply leads to possible counsel.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: December 13, 2011